UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SUZETTE WOOD, et al.,

            Plaintiffs,            Case No. 15-cv-14204

v                                          Honorable Thomas L. Ludington
                                          Magistrate Judge Patricia T. Morris

MIDLAND FUDING CO. LLC, et al.,

            Defendants.
_____/

**ORDER SUSTAINING DEFENDANTS' OBJECTIONS, REJECTING THE REPORT AND RECOMMENDATION, OVERRULING PLAINTIFFS' OBJECTIONS, GRANTING MOTION TO DISMISS, DISMISSING COUNTS ONE AND TWO OF PLAINTIFFS' AMENDED COMPLAINT WITH PREJUDICE, AND DISMISSING COUNT THREE WITHOUT PREJUDICE**

Plaintiffs Suzette Wood, Denise Ash, Edward Korbinski, Daniel Prough, Eddie Babcock, Russell Rulason, Tina White, David Bryant, and Barbara King initiated this action by filing their complaint against Defendants Midland Funding Co. LLC ("Midland Funding") and Weltman, Weinberg & Reis Co. L.P.A. ("WWR") on December 1, 2015. ECF No. 1. Plaintiffs then filed an amended complaint on January 5, 2016. ECF No. 14. Plaintiffs allege that in the course of attempting to collect alleged debts from them, Defendants made false statements to the Roscommon County District Court in the State of Michigan in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(e), and wrongfully published the alleged debts in violation of §§ 1692b(2), 1692c(b), 1692d, and 1692e. Plaintiffs also allege a claim of false return under Michigan state law.

Defendant WWR filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(B)(6) on February 1, 2016, in which Defendant Midland Funding concurred. ECF Nos. 15, 17. After the motion was fully briefed, the magistrate judge issued her report and

recommendation on June 15, 2016, recommending that WWR's motion be granted as to Plaintiff Wood only. *See* Rep. and Rec., ECF No. 22. Plaintiff Wood and Defendants then timely filed objections. *See* ECF Nos. 23-25. For the reasons set forth below, Defendants' objections will be sustained, and Defendant WWR's motion to dismiss will be granted.

**I.**

Plaintiffs are individuals residing in Michigan in the counties of Roscommon or Ogemaw. *See* Compl. ¶ 3. Plaintiffs allege that they are "consumers" and "persons" as defined in the FDCPA. *Id*. Defendant Midland Funding, located in San Diego, California, is a limited liability company that purchases unpaid consumer debt for collection and is engaged in the business of debt collection within the state of Michigan. *Id*. at ¶ 4. Defendant WWR is a corporation and law firm engaged in the business of debt collection in the State of Michigan. *Id*. at ¶ 4. Plaintiffs allege that both Defendants are debt collectors as defined by the FDCPA.

The present action arises out of Defendant Midland Funding Company's attempts to collect alleged consumer debts from Plaintiffs. Midland Funding retained the law firm WWR to assist in filing suit against each Plaintiff in Roscommon County District Court in the State of Michigan. After filing each complaint, Defendants attempted to serve Plaintiffs. Michigan Court Rule 2.105(A) provides for service of process on individuals in one of two ways:

(1) delivering a summons and a copy of the complaint to the defendant personally; or

(2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

*Id*.  Defendants did not affect service in either way provided under this rule.  Instead, Defendants sought alternative service under M.C.R. 2.105(I), which provides for alternative service in the discretion of the Court as follows:

> (1) On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.
>
> (2) A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

*Id*. In each case, Defendants' request for alternative service was granted by the 82nd District Court Judge, as described in more detail below.

### A.

Defendants filed their first suit against Plaintiff Wood on June 8, 2015, and a second suit against her on June 15, 2015. *See* Compl. Ex. A.  Defendants filed their motion and verification for alternative service on Wood on July 25, 2015, representing that service could not be made as otherwise provided in M.C.R. 2.05. *Id*.  In the attached verification, the process server declared that she had made three attempts to serve Wood at her home, leaving a hangar with call information each time, but that each attempt had been unsuccessful. *Id*.  Then, on July 20, 2015 Defendants moved for a second summons and order, claiming that "[d]iligent attempts have been made to personally serve process on [the plaintiff]; however, [plaintiff] has either moved, is evading service, or other[.]"  The state court judge granted Defendants' motion for second summons on July 22, 2015, and granted Defendants' motion for alternative service on July 27, 2015 based upon Defendants' motion and verification, finding that service of process upon

- 3 -

Wood could not reasonably be made as provided in M.C.R. 2.105. *Id.* He therefore ordered service by first class mail to Wood's address and by publication once per week for three consecutive weeks in the Houghton Lake Resorter. *Id.*

The notice and service language for Defendants' first case against Wood, ordered by the court on August 10, 2015, states as follows:

> You are being sued in this court by plaintiff for the monies due to Chase Member Bank for the amount over $4,320.71. You must file your answer or take other action permitted by law in this court at the court address above on or before 28 days from the last date of publication. If you fail to do so, a default judgment may be entered against you for the relief demanded in the complaint filed in this case.

*See* Compl. Ex. A. The notice and service language for Defendants' second case against Wood, also ordered by the court on August 10, 2015, states as follows:

> You are being sued in this court by plaintiff for the monies due to Chase Card Member Services for the amount over $3,012.06. You must file your answer or take other action permitted by law in this court at the court address above on or before 28 days from the last date of publication. If you fail to do so, a default judgment may be entered against you for the relief demanded in the complaint filed in this case.

*See* Compl. Ex. B. Pursuant to the court's order, the above language was then published in the Houghton Lake Resorter on August 20, 2015 and August 27, 2015. *Id.*

**B.**

Defendants' suits against each additional Plaintiff followed a similar pattern. After filing suit, Defendants filed a motion and verification for alternative service representing that service could not be made as otherwise provided in M.C.R. 2.05. *See* Compl. Ex. C-J. In the attached verification, the process server declared that she had made at least three attempts to serve the plaintiff at his or her home, leaving a hangar with call information each time, but that each attempt had been unsuccessful. *Id.* In each case, Defendants moved for a second summons and

order, claiming that "[d]iligent attempts have been made to personally serve process on [the plaintiff]; however, [plaintiff] has either moved, is evading service, or other[.]" The state court granted Defendants' motions for second summons, and granted Defendants' motions for alternative service based upon Defendants' motion and verification, finding that service of process could not reasonably be made as provided in M.C.R. 2.105. *Id.* In each case the state court ordered service by first class mail to the Plaintiffs' addresses and by publication once per week for three consecutive weeks in the Houghton Lake Resorter. *Id.*

The notice and service language ordered by the court and published in the Houghton Lake Resorter informed Plaintiffs that they were being sued, and stated both the source and amount of the debt. The notices further informed Plaintiffs that they were required to file an answer or take other action within 28 days of the last date of publication or risk that default judgment would be entered against them.

### C.

Plaintiff Wood was the only one to challenge Defendants' mode of service. In the second action filed against her, Wood filed an ex parte motion to vacate the order for publication on August 31, 2015. Wood argued that because Defendants had not claimed that they had attempted service by certified or registered mail pursuant to 2.105(A)(2), Defendants' claim that service could not be reasonably made under M.C.R. 2.105(A) was untrue, and the Court abused its discretion in finding alternative service under M.C.R. 2.105(I) appropriate. *See* Mot. to Dismiss Ex. A, ECF No. 15. The state court granted Wood's ex parte motion that same day and vacated the order for publication as to both actions against Wood. *Id.* at Ex. B.

Wood then filed a complaint for superintending control over the judge of the 82nd District Court with the Roscommon County Circuit Court. *Id.* at Ex. C. Through her complaint

Wood argued that the 82nd District Court Judge had "established a continuing practice of issuing orders for alternative service of process on individuals in violation of the restrictions on judicial discretion contained in MCR 2.105(I)." She sought an order enjoining the judge from "issuing orders for alternative service on individuals under MCR 2.105(I) absent a showing that both service by delivery under MCR 2.105(A)(1), and service by registered or certified mail under MCR 2.105(A)(2) cannot be reasonably made[.]" *Id.* In a brief order issued on November 12, 1015, the Roscommon County Circuit Court denied Wood's motion for summary disposition and granted the 82nd District Court's motion for summary disposition, purportedly for the reasons stated on the record on November 2, 2015. *Id*. at Ex. F. The parties have not provided this Court with the underlying record.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

### A.

Defendants object that the magistrate judge erred in finding the Rooker-Feldman doctrine inapplicable to Plaintiffs' claims. 15 U.S.C. § 1692(e) provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id*. In their complaint Plaintiffs allege that Defendants violated that section by representing to the state court that Plaintiffs could not be reasonably served under M.C.R. 2.105(A) and that there had been diligent attempts to serve each Plaintiff. Defendants argue that the representations were neither false nor misleading, but were in fact accurate based on their interpretation of M.C.R. 2.105(A) and (I). Defendants therefore argue that Plaintiffs' alleged injuries arise from the state court orders granting Defendants' requests for alternative service.

Plaintiffs do not challenge any of the representations made by the process server regarding her attempts to personally serve Plaintiffs. The parties agree that Defendants did attempt personal service pursuant to M.C.R. 2.105(A)(1) and did not attempt the alternative method of service ("or") on Plaintiffs through registered or certified mail under M.C.R. 2.105(A)(2) prior to their request for alternative service. Defendants did not represent to the state court that they had made any attempt to serve Plaintiffs by registered or certified mail. Accordingly, Defendants did not make any false or misleading representations of fact to the state court regarding their actual attempts to serve the various Plaintiffs.

The issue then, is whether Defendants' representations that service of process upon the Plaintiffs could not "reasonably be made as otherwise provided in MCR 2.105" (parroting the language of M.C.R. 2.105(I)(a)) as demonstrated by the unsuccessful personal service attempts, and that "[d]iligent attempts have been made to personally serve process on [the plaintiff]; however, [plaintiff] has either moved, is evading service, or other" may be considered false, misleading, or deceptive under 15 U.S.C. § 1692(e). Plaintiffs' claim that Defendants'

representations were false, misleading, or deceptive is based on Plaintiffs' legal conclusion that the language of the Michigan Court Rule requires an attempt at personal service under M.C.R. 2.105(A)(1) and an attempt at service through registered or certified mail under M.C.R. 2.105(A)(2) before a court may permit alternative service under M.C.R. 2.105(I). The alleged misrepresentations by Defendants are thus based upon Plaintiffs' interpretation of the Court rule, and Plaintiffs do not allege that Defendants made any misrepresentation of fact. There is no dispute that Defendants accurately represented the process server's attempts to serve Plaintiffs. The state court thus had the ability to independently review Defendants' attempts at service, and to determine whether Defendants had satisfied their burden for obtaining alternate service under M.C.R. 2.105(I). The state court determined that they had.

"Federal district courts do not stand as appellate courts for decisions of state courts." *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 (1923); *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 (1983). "The Rooker–Feldman doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotations and citation omitted). Because Plaintiffs have not identified any misrepresentations of fact that even arguably misled the state court in reaching this legal determination, the source of Plaintiffs' alleged injuries is the state court decisions ordering alternative service by publication. Defendants' motion to dismiss will thus be granted as to Plaintiffs' first claim.

**B.**

Because Plaintiffs have not shown that Defendants made any false, deceptive, or misleading representation of fact under 15 U.S.C. § 1692(e), their second claim also must be dismissed. It is undisputed that Defendants' alleged FDCPA violations arose in the course of

their attempt to serve process on Plaintiffs in connection with state court actions to enforce alleged debts. While the term "debt collector" is defined broadly under the FDCPA, the definition specifically excludes the acts of "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt." 15 U.S.C.A. § 1692a(6)(D). This so-called "process server" exemption applies only to "those individuals whose involvement in a debt collection communication was limited to serving the communication on the consumer-in effect, to being messengers" and does not exempt "those who prepared the communication that was served on the consumer." *Romea v. Heiberger & Assoc.*, 163 F.3d 111, 117 (2d Cir. 1998). The service of process exemption also does not apply where a Defendant has prepared false and misleading documents, made demands for costs or fees to which they were not entitled, or engaged in any other conduct that amounts to abusive, harassing, or coercive conduct. *See Andrews v. S. Coast Legal Servs., Inc.*, 582 F. Supp. 2d 82, 88 (D. Mass. 2008).

Plaintiffs have not identified any false, deceptive or misleading representations made by Defendants within the meaning of 15 U.S.C. § 1692(e), or any other abusive, harassing, or coercive conduct. Furthermore, the language of the notices published in the Houghton Lake Resorter was directed by the state court pursuant to its "Order[s] For Service by Publication/Posting and Notice of Action" issued and signed by the state court judge. Defendants' notice publications pursuant to the court orders thus fall squarely within the process server exemption.

**C.**

Plaintiffs' third claim against Defendants is a "false return" claim arising under Michigan state common law. Because Plaintiffs' federal claims will be dismissed, Plaintiffs related State

law claim will be dismissed without prejudice. A federal court may exercise supplemental jurisdiction over a plaintiff's state law claims if they form part of the same controversy as the federal claim. *See* 28 U.S.C. § 1367(a). A federal court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the "values of judicial economy, convenience, fairness, and comity." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir.1996)). Plaintiffs' state law tort claim will be dismissed without prejudice.

### III.

Because this matter is resolved by Defendants' first objection, the report and recommendation will be rejected, Plaintiffs' objections will be overruled, and Defendants' motion to dismiss will be granted.

Accordingly, it is **ORDERED** that Defendant's objections to the report and recommendation, ECF Nos. 24, 25, are **SUSTAINED**.

It is further **ORDERED** that the report and recommendation, ECF No. 22, is **REJECTED**.

It is further **ORDERED** that Plaintiff Wood's objections to the report and recommendation, ECF No. 23, are **OVERRULED.**

It is further **ORDERED** that Defendants WWR's motion to dismiss, ECF No. 15, is **GRANTED**.

It is further **ORDERED** that Counts one and two of Plaintiffs' amended complaint, ECF No. 14, are **DISMISSED with prejudice** as to both Defendants.

It is further **ORDERED** that Count three of Plaintiffs' amended complaint, ECF No. 14, is **DISMISSED without prejudice** as to both Defendants.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: July 27, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 27, 2016.

s/Michael A. Sian  
MICHAEL A. SIAN, Case Manager